**UNITED STATES of America, Plaintiff,**

v.

**David BLACKBURN, Defendant.**

**No. CIV 99–40135.**

United States District Court, D. South Dakota, Southern Division.

July 6, 2000.

Craig Peyton Gaumer, Assistant United States Attorney, United States Attorney's Office, Sioux Falls, SD, for Plaintiff.

Cynthia J. Ahrendt, Samp–Burke Law Offices, Steven K. Rabuck, Nichols, Rabuck & Bratt, Sioux Falls, SD, for Defendant.

### MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

The defendant, David Blackburn, has pleaded guilty to one count of failure to pay child support, a felony violation of 18 U.S.C. § 228(a)(3). Under the Sentencing Guidelines, the defendant has been assigned a total offense level of 7 and been placed in criminal history category V. During the defendant's sentencing hearing, the Court departed downward to criminal history category IV, based on its judgment that criminal history category V significantly over-represents the seriousness of the defendant's criminal history. *See* U.S.S.G. 4A1.3 (Policy Statement). After this departure, the Court raised, on

its own motion, the possibility of a further downward departure to make the defendant eligible for a term of probation.

## BACKGROUND

In 1995, a state court ordered the defendant to pay $266 a month toward the care of his minor child. At the time of sentencing, the defendant was $14,628 in arrears on this court-ordered child support obligation. The child's mother (the defendant's ex-wife) has been forced to work two jobs and accept money from her parents in the absence of court-ordered child support from the defendant. The defendant's own work history, before and after the child-support order, has been sporadic; since 1991 he has worked for more than twelve different employers and his annual income has fluctuated between $134 and $30,938 a year. Under court supervision prior to sentencing, the defendant has been working for a local car dealership, earning a salary of $1000 a month and selling cars at a rate sufficient to generate an additional $2,800 a month in commission.

## DISCUSSION

In sentencing the defendant, the Court must apply § 2B1.1 (Theft, Embezzlement, Receipt of Stolen Property, and Property Destruction) as its point of reference. Although the Sentencing Guidelines specify § 2J1.1 (Contempt) as the guideline applicable to willful failure to pay child support, § 2J1.1 says to apply § 2X5.1 (Other Offenses), which is the "catch-all" guideline. Under § 2X5.1, "[i]f the offense is a felony ... for which no guideline expressly has been promulgated," the Court is to apply "the most analogous offense guideline." The Application Notes to § 2J1.1 state that "[f]or offenses involving the willful failure to pay court-ordered child support (violations of 18 U.S.C. § 228), the most analogous guideline is § 2B1.1." U.S.S.G. § 2J1.1, Application Note 2. Thus, although § 2B1.1 was not expressly promulgated for cases involving the willful failure to pay child support, it is applied to such cases as the "most analogous" guideline.

The "simple facts that restitution is desirable and that a prison term will make it harder to achieve" are "ordinary restitution circumstances" that fall within heartland of cases under § 2B1.1 and usually do not warrant a downward departure. *United States v. Adamo*, 994 F.2d 942, 955–56 (1st Cir.1993) (opinion of Breyer, C.J.). This general rule is based on the recognition "that the embezzlement guidelines are written for ordinary cases of embezzlement, that restitution is called for in many such cases, and that prison terms often make restitution somewhat more difficult to achieve." *Id.* at 955. The rule also reflects the Sentencing Commission's "intent to equalize punishments for 'white collar' and 'blue collar' crime." *Id.* The *Adamo* court, however, recognized that "a *special* need of a victim for restitution, and the surrounding practicalities, might, in an unusual case, justify a departure." *Id.* at 956 (emphasis in original).

Guideline 2B1.1, which deals with embezzlement and other crimes involving property loss, was not written with failure to pay child support in mind. The Court is not applying § 2B1.1 as the guideline designated for failure to pay child support— there is no such guideline—but rather as the guideline "most analogous" to that offense. U.S.S.G. §§ 2J1.1, 2X5.1. The Eighth Circuit has recognized that cases requiring application of the "most analogous" guideline under § 2X5.1 are "inherently out of the ordinary" and that district courts should have "freedom to fashion the appropriate sentence in these unconventional situations on a case by case basis." *United States v. Osborne*, 164 F.3d 434, 438 (8th Cir.1999). The Seventh Circuit has been more explicit, expressing "serious[ ] doubt that a case in which a district court is required to apply the most 'analogous' guideline pursuant to U.S.S.G. § 2X5.1 can ever be found to fall within the 'heartland' of that guideline." *United States v. Leahy*, 169 F.3d 433, 440–41 (7th

Cir.1999). Both circuits, however, have made clear that a district court's adaptation to the peculiar facts of such a case must be made as part of a departure. *See United States v. Allard,* 164 F.3d 1146, 1150 (8th Cir.1999); *Leahy,* 169 F.3d at 441 (analogous guideline "provides the starting or reference point" from which "any subsequent departure by the sentencing court, whether upward or downward, must begin").

■ Guideline 2B1.1 does not adequately contemplate the need for restitution or the practicalities of ensuring restitution in this child support case. The victims in this case—a single mother and the child whom the defendant is obligated to support— have a greater need for restitution than the financial institutions and businesses that generally come before this Court as victims in cases involving the application of § 2B1.1.[1] Moreover, the fact that this defendant has a sporadic work history but is working well right now under Court supervision is a practicality that weighs in favor of keeping him working in order to pay restitution.[2] Since the payment of restitution to victims is an express goal of 18 U.S.C. § 228, *see* 18 U.S.C. § 228(d), recognition of this practicality is appropriate in fashioning a sentence for the defendant. *See also* 18 U.S.C. § 3553(a)(7) (requiring a district court to consider "the need to provide restitution to any victims of the offense" in determining the particular defendant's sentence).

In this particular case, a sentence of imprisonment or even a split sentence of imprisonment and community confinement under 5C1.1(d)(2) cannot adequately address the need to provide restitution to the victims of the defendant's offense. The maximum term of supervised release for the defendant's offense—one year—is not long enough to complete supervision of the defendant's payment of $14,628 in restitution. The maximum available term of probation, however, is five years. U.S.S.G. § 5B1.2(a)(1). Five years is enough time for the court to supervise repayment of the entire amount of the defendant's past-due child support. A sentence of five years probation with the constant threat of imprisonment in the event that payments are not made will significantly increase the chances that the defendant will make restitution for his crime.

■ A district court may depart downward to impose a sentence of probation if such a departure is warranted by the facts of a particular case. *See United States v. Decora,* 177 F.3d 676 (8th Cir.1999). In order to place the defendant on probation, the Court must depart downward to Zone B of the Sentencing Table and include "a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment" according to the schedule in § 5C1.1(e). U.S.S.G. § 5C1.1(c)(3). Given the defendant's total offense level of 7, and the Court's downward departure to criminal history category IV, an additional downward departure of one offense level will place the defendant within Zone B of the Sentencing Table. *See* U.S.S.G. Ch. 5 Pt. A. In light of these victims' special need for restitution, the practicalities of ensuring restitution in this particular case,

---

**1.** Similarly, in *Adamo,* the victim was a union Health and Welfare Fund. *See Adamo,* 994 F.2d at 954.

**2.** A defendant's employment record "is not ordinarily relevant in determining whether a sentence should be outside the guideline range." U.S.S.G. § 5H1.5. Employment history may, however, be considered as a basis for departure if "it is present in some unusual or exceptional way." *United States v. Decora,* 177 F.3d 676, 678 (8th Cir.1999) (quoting *Koon v. United States,* 518 U.S. 81, 98, 116

S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996)). In this case, the Court is not considering the defendant's employment record in the way district courts are usually inclined to, as a factor bearing on the defendant's likelihood to contribute to society once he is released from prison. Rather, the Court simply looks to the defendant's employment record as one of the practicalities involved with ensuring that restitution is made, and recognizes that this defendant is unlikely ever to make restitution if he does not do so under court supervision.

and the fact that restitution is a statutory requirement of 18 U.S.C. § 228, such a departure is both warranted and reasonable. Accordingly, pursuant to a downward departure of one offense level, in addition to the departure of one criminal history category already granted,

IT IS ORDERED that the defendant shall be placed on probation for a term of five (5) years, with eight (8) months of that term to be served in community confinement in the facility named in the Judgment, and shall be subject to the additional conditions of probation and other provisions contained in the Judgment.